UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

---

| | |
|---|---|
| MICHAEL PARKS,<br>　　　　Petitioner<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent | 5:22-cv-5089<br><br>MEMORANDUM OPINION<br><br>AND ORDER |

---

Pending before the Court are Petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255, (Doc. 1), motion for summary judgment, (Doc. 3), and notice of appeal to the Eighth Circuit which the Clerk has styled a motion for a certificate of appealability, (Doc. 5). For the following reasons, Petitioner's motions are denied.

**BACKGROUND**

Petitioner was convicted of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). He was sentenced to five years imprisonment followed by five years of supervised release, and was ordered to pay restitution and to forfeit certain property. (5:21-cr-50019, Doc. 54). The amended judgement was filed on July 25, 2022. (Id., Doc. 54-1). Petitioner did not appeal. Petitioner's § 2255

motion presents the question whether a sentence to supervised release violates the prohibition against Double Jeopardy. U.S. Const. amend. V, cl. 2. (Doc. 1).

**LEGAL ANALYSIS**

*Appeal*—F.R.A.P. 4 provides that a defendant's notice of appeal in a criminal case must be filed in the district court within fourteen days after entry of the judgment being appealed. Fed. R. App. 4(b)(1)(a). As the Eighth Circuit has stated, "A timely notice of appeal is mandatory and jurisdictional." *United States v. Austin*, 217 F.3d 595, 597 (8th Cir. 2000). In a situation where the notice of appeal is filed within thirty days of the deadline, the court may remand for examination of excusable neglect. *Id*. at 598.

In the case before the Court, Petitioner's sentence, including the term of supervised release, was imposed on July 25, 2022. He had fourteen days to appeal. He did not file a notice of appeal within that time period or at any time. His time to appeal his sentence, including the term of supervised release, has expired.

The implications of the failure to appeal are important for resolution of Petitioner's § 2255 motion. As the Eighth Circuit has stated, a postconviction action "will not be allowed to do service for an appeal." *Fletcher v. United States,* 858 F.3d 501, 505 (8th Cir. 2017) (quoting *Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012)). Furthermore, a Petitioner "may not raise an issue before

the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction." *Id.*

Because Petitioner did not appeal the issue concerning supervised release within the timeframe established by F.R.A.P. 4, he cannot now raise it in a § 2255 motion. Therefore, his § 2255 motion must be dismissed.

*Motion for summary judgment*-- F.R.C.P. 56 provides that a motion for summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56. If a Petitioner's claim is not ripe for determination, the district court lacks jurisdiction to resolve it. *Metzger v. Village of Cedar Creek, Neb.*, 370 F.3d 822, 823 (8th Cir. 2004) (citing *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S.172, 186 (1985)).

This case was at the preliminary stage of litigation when Petitioner filed his motion for summary judgment. Not only was the motion not ripe for determination but the Court's subsequent dismissal of the § 2255 motion renders the summary judgment motion moot. *SD Voice v. Noem*, 987 F.3d 1186, 1189 (8th Cir. 2021) (when there are no longer live issues in a case, it is moot); *Moore v. Thurston*, 928 F.3d 753, 757 (8th Cir. 2019).

*Certificate of appealability*--When the district court has denied a motion under 28 U.S.C. § 2255, the Petitioner may not appeal without a certificate of

appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Petitioner has not made a substantial showing of denial of a constitutional right and no certificate of appealability will issue.

Accordingly, IT IS ORDERED that:

1. Petitioner's motion for relief under 28 U.S.C. § 2255, (Doc. 1), is denied with prejudice;

2. Petitioner's motion for summary judgment, (Doc. 3), is denied; and

3. Petitioner's motion for a certificate of appealability, (Doc. 5), is denied.

Dated this 7th day of April, 2023.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____